THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ENID VALENTIN, et al.,**

    Plaintiffs,

    v.

**BCPEABODY CONSTRUCTION SERVICES LLC ET AL.,**

    Defendants.

Civil No. 21-1282 (ADC)

**OPINION AND ORDER**

The Federal Rules of Civil Procedure do not provide for the filing of a motion for reconsideration *per se*. Therefore, a motion seeking "reconsideration" of an order is generally considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Villanueva-Méndez v. Nieves-Vázquez*, 360 F.Supp.2d 320, 323 (D.P.R. 2005). Pursuant to Fed. R. Civ. P. 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." *Iverson v. City Of Bos.*, 452 F.3d 94, 104 (1st Cir. 2006) (citing *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)).

Moreover, "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits ... [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *In re Rosado*, Bankr. No. 09-01687, 2013 WL 1309412, at *1 (Bankr. D.P.R. Mar. 28, 2013) (citing *Harley–Davidson Motor Co. v. Bank of New England–Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir. 1990)).

On August 5, 2021, this Court denied plaintiffs' motion under Puerto Rico Rule of Civil Procedure 56 requesting garnishment of funds deposited with third parties (**ECF No. 6**) for several reasons. *See* **ECF No. 8.** The Court noted that plaintiffs "fail[ed] to include a single line of discussion or argumentation in support of their request[,]" "fail[ed] to show that they have met the requirements under the Puerto Rico Rule of Civil Procedure 56.1 referenced and cited in their motion[,]" and that "their request includes 'garnishment' of funds deposited with several Municipalities that are not named defendants." *Id*. Plaintiffs' motion was "baseless and unsupported." *Id*. Thus, the Court forewarned plaintiffs that "sanctions may result from such conduct hereon forward, including but not limited to, monetary sanctions pursuant to Fed. R. Civ. P. 11, *inter alia*." *Id*.

Despite the Court's warnings at **ECF No. 8**, plaintiffs once again move the Curt to grant "extraordinary"[1] remedies under Fed. R. Civ. P. 59(e) without the slightest effort to comply with both substantive and procedural requirements. First, plaintiffs make no reference whatsoever

---

[1] "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." *In re Pabón Rodríguez*, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (1st Cir. BAP 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001).

to the legal standard or case law supporting their request for reconsideration. If they had, they would have noticed that a motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented." *Iverson v. City Of Bos.*, 452 F.3d at 104.

Second, in their two-page motion for reconsideration at **ECF No. 10**, plaintiffs simply submit several documents which purportedly reflect "the hours of work done **for the third parties**" and a document "acknowledging that defendant… had and (sic) **outstanding account payable to Sunergy Inc.**"[2] *Id.*, at 1 (emphasis added). Plaintiffs also assert that defendant waived service of summons and is thus able to respond to their request. Aside from these two averments, the motion contains absolutely no discussion or explanation from which the Court could even assume compliance with Puerto Rico Rule of Civil Procedure 56, sole ground upon which plaintiffs' request hinges. *See* **ECF Nos. 10, 6**.

Third, once again, plaintiffs' motion lacks any discussion or citation of legal authority in support of their request. In addition to plaintiffs' failure to explain how their request meets Puerto Rico Rule of Civil Procedure 56, it also fails to discuss the factual background and substantive law that entitles them to such a remedy. The Court made it clear in its Order at **ECF No. 8** that plaintiffs had to comply with Local Rule 7. Yet, again, plaintiffs' motion includes no "citations and supporting authority." Local Rule 7(a).

---

[2] Sunergy, Inc. is not a named defendant in this cation.

Finally, even though plaintiffs make reference to defendants' waiver of service, the fact of the matter remains that plaintiffs are seeking remedies against third parties. To wit, plaintiffs seek garnishment of funds against several Municipalities that are not named defendants in this action. Moreover, plaintiffs' own submissions and admissions show that their request stems from their understanding that they are owed monies for work they performed for "third parties." **ECF No. 10** at 1. Furthermore, plaintiffs concede that the debt that purportedly entitles them to effectuate the garnishment is not actually money owed to them by defendant, but rather money that defendant allegedly owes to third party Sunergy Inc. *See Id.,* at 1 ("**outstanding account payable to Sunergy Inc** for the work completed by each of the plaintiffs" (emphasis added)).

Even if the documents submitted by plaintiffs were relevant and enough to evince a debt, which is not the case here, plaintiffs cannot use Fed. R. Civ. P. 59(e) cloaked as a motion for reconsideration to "undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015) (citation and internal quotation marks omitted).

- For all the above, the motion for reconsideration at **ECF No. 10 is DENIED**.
- In light of plaintiffs' blatant disregard of this Court Order at **ECF No. 8** (explicitly warning plaintiffs against filing motions without legal discussion and without support as required by Local Rule 7(a)) and their failure to comply with the

applicable Puerto Rico and Federal Rules of Civil Procedure, as well as this District Court's Local Rules, plaintiffs are hereby ordered to show cause why the Court should not impose economic sanctions in the amount of $250.00 against them. In their motion to show cause, plaintiffs *must* "incorporate[] a memorandum of law as appropriate, including citations and supporting authorities." Local Rule 7(a). Plaintiffs are granted 14 days to show cause. Motion to show cause due by **September 15, 2021**. Failure to comply will entail sanctions, including but not limited to, further monetary sanctions and/or dismissal.

- Defendant's motion for extension of time to file an answer at **ECF No. 9** is **GRANTED** as requested. **Answer due by September 15, 2021**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of September 2021.

                                                                **S/AIDA M. DELGADO-COLÓN**
                                                                **United States District Judge**