## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ENID VALENTIN, et al.,**

    **Plaintiffs,**

    **v.**

**BCPEABODY CONSTRUCTION
SERVICES LLC,**

    **Defendant.**

**Civil No. 21-1282 (ADC)**

## OPINION AND ORDER

### I.    Procedural background

Plaintiffs, a group of workers hired by "Sunergy Inc. LLC"[1] filed the instant action under this Court's diversity jurisdiction against defendant BCPeabody Construction Services, LLC. **ECF No. 1**. In their complaint, plaintiffs allege that defendant executed a contract with the Federal Emergency Management Agency ("FEMA") for hurricane relief and recovery ("to repair [property] damages") after the passage of hurricane María. *Id*., at 1-4. Plaintiffs claim that defendant also executed an agreement with Sunergy. According to the complaint, Sunergy would "establish a network of local labor qualified to do the required tasks, paid with the FEMA funds obtained by [d]efendant." *Id*., at 4. Accordingly, in 2018, Sunergy "began employing

---

[1] Because under Puerto Rico law a legal entity cannot have both a corporate (Inc.) and a limited liability company (LLC) designation, the Court will herein after use "Sunergy" for ease of reference. *See* PR Laws Ann. tit. 14 §§ 3502, 3952. Plaintiffs did not sue Sunergy.

[p]laintiffs." *Id*. Sunergy "revised and approved the job performed by [p]laintiffs and submitted their billable hours reports to [d]efendant [] for payment." *Id*. Plaintiffs claim defendant did not pay Sunergy for the work performed via plaintiffs' labor. *Id*. Accordingly, plaintiffs specifically request "monetary damages" in the nature of "labor compensation" in an aggregated amount of $721,260.00. *Id*., at 6.[2]

Defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), (6), (7). **ECF No. 14**. It argues that the complaint is nothing more than a collection of monies action in which plaintiffs request the money Sunergy owes them for the performance of the work they were hired by Sunergy to do. *Id*. Therefore, defendant contends, plaintiffs lack standing under Article III of the Unites States Constitution to file a complaint against it "in these circumstances" because no contractual or legal obligation exists between them. *Id*., at 2. Thus, defendant sustains, the complaint fails to state a plausible claim for relief.

Plaintiffs filed a response (styled as a reply) asserting that they have standing as well as a valid claim against defendant under Article 1489 of the Puerto Rico Civil Code. PR Laws Ann. tit. 31, § 4130. **ECF No. 17**. Defendant replied. **ECF No. 20**. Plaintiffs did not seek leave to file a sur-reply.

---

[2] Although Fed. R. Civ. P. 8 does not require legal citation, the Court notes that plaintiffs' six-page complaint (filed by counsel) does not contain any reference or citation to a statute. The sole reference to any governing law is in the complaint's introductory paragraphs wherein it stated: "[p]laintiffs [] invoke against [d]efendant the articles of Contract and Obligations of the Puerto Rico Civil Code and the labor laws and statues of the Commonwealth of Puerto Rico." **ECF No. 1** at 1.

## II.    Legal standard

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a complaint under Rule 12(b)(1), courts "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (alteration in original) (citation and internal quotation marks omitted). A complaint, so construed, must be dismissed under Rule 12(b)(1) if the Court lacks subject-matter jurisdiction to adjudicate its claims.

Courts also favorably construe a complaint when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. In reviewing a Rule 12(b)(6) motion to dismiss, courts "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Id*. (citation and internal quotation marks omitted). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action" and "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (additional

citations and internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

Finally, Fed. R. Civ. P. 12(b)(7) provides the grounds for dismissal for failure to join defendants under Fed. R. Civ. P. 19. The latter governs situations where a lawsuit is proceeding without a party whose interests are central to the suit and provides for (a) joinder of "required" parties when feasible; and (b) dismissal of suits when joinder of a required party is not feasible and that party is indispensable. The rule requires courts to make pragmatic, practical judgments that are heavily influenced by the facts of each case. *See, Bacardi Int'l Ltd. v. V. Suárez & Co., Inc.,* 719 F.3d 1, 9 (1st Cir. 2013)(citing *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 14–15 (1st Cir. 2008)).

## III.   Discussion

### A.      Subject matter jurisdiction

Although defendant did not raise the issue, it is axiomatic that the Court has a duty to observe and ascertain its own jurisdiction, even if *sua sponte*.[3] Fed. R. Civ. P. 12(h)(3). Thus, the Court will first address jurisdictional issues in this diversity-based action.

In actions brought in federal court pursuant to diversity jurisdiction, jurisdiction lies only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. In this regard, it is plaintiff's burden to establish that the

---

[3] "It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988).

minimum amount in controversy has been met. *Abdel–Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012). This threshold is not viewed from defendant's perspective (which in this case would seem to surpass the benchmark) but is rather assessed from the viewpoint of the plaintiff. *Miles v. Funk*, 259 Fed.Appx. 335, 337 (1st Cir. 2008) (per curiam) (unpublished); *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004).

A general rule particularly relevant to this case states that multiple plaintiffs cannot aggregate their separate individual claims to meet the jurisdictional amount threshold. *CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43–44 (1st Cir. 2014).[4] An exception has been carved out for cases where "several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest." *Id.* However, this exception has several requirements. The interest of all the plaintiffs must be both common and undivided. *Id. (citing Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 824 (6th Cir. 2006) ("A common interest in a litigation recovery thus represents a necessary, but by itself insufficient, ground to qualify claims for aggregation."). "[I]ndividually cognizable and calculable claims do not fit the exception." *Id. (citing Travelers Prop. Cas. v. Good*, 689 F.3d 714, 720 (7th Cir. 2012) ("[W]here the plaintiffs' claims are cognizable, calculable, and correctable individually[...] they are clearly separate and distinct and may not be aggregated to meet the amount")(internal quotation marks omitted).

---

[4] Citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95 (1973), superseded by 28 U.S.C. § 1367 on other grounds, as stated in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

Here, the allegations in the complaint and the motion practice make the case against

plaintiffs. Simply stated, the filings in the docket show, without a doubt, that plaintiffs' claims

are not "common and undivided." According to plaintiffs, their only claim is based on owed

salaries[5] or a debt accrued for work performed individually by each plaintiff. To wit, plaintiffs

summitted documents purportedly showing "plaintiffs['] reported individually the hours of

work done for the third parties." **ECF No. 10-1 to 10-30**. Moreover, plaintiffs' chart included in

the complaint, **ECF No. 1** at 5,[6] serves as an admission that each plaintiff performed different

---

[5] Whether plaintiffs are employees or independent contractors is irrelevant. Accordingly, the Court need not determine with precision if their claims are technically salaries or compensation for work performed.

[6] *See* **ECF NO. 1** at 5:

| | | | |
|---|---|---|---|
| 1 | Enid Valentín | Document Recovery Agent | $ 5,490.00 |
| 2 | Stephanie Gomez | Client Liaison | $ 26,925.00 |
| 3 | Angel Otero | ecutive Administrative Liaison to BCPeabc | $ 178,687.50 |
| 4 | Roberto Dieppa | Client Liaison | $ 30,757.50 |
| 5 | Alberto Rodriguez | Client Liaison | $ 21,200.00 |
| 6 | Fernando Nieto | D.A.S. / Project Manager / Client Liaison | $ 56,150.00 |
| 7 | Randy Otero | D.A.S. / Construction Expert | $ 86,270.00 |
| 8 | Ana L Adorno | Operation Manager | $ 8,110.00 |
| 9 | Alondra Hidalgo | Operation Manager | $ 9,810.00 |
| 10 | Diane Oneal | Assistant Manager | $ 3,690.00 |
| 11 | Lissette Reyes | Client Liaison | $ 18,137.50 |
| 12 | Ronal Salas | Operation Manager | $ 35,012.50 |
| 13 | Carmen D Torres | Assistant Manager | $ 3,360.00 |
| 14 | Wilmaliz Torres | Assistant Manager | $ 4,995.00 |
| 15 | Erika Rivera | Client Liaison | $ 17,075.00 |
| 16 | Claudia Batista | Client Liaison | $ 5,387.50 |
| 17 | Vivian J Santiago | Assistant Manager | $ 10,775.00 |
| 18 | Shaylene M. Jerez Perez | Operation Manager | $ 2,505.00 |
| 19 | Jose Llanos Encarnación | Client Liaison | $ 975.00 |
| 20 | Hector Ocasio | Engineer | $ 11,227.50 |
| 21 | Edwin G. Rodriguez Buzzo | Client Liaison | $ 22,525.00 |
| 22 | Judith "Rodriguez"Coca | Assistant Manager | $ 9,570.00 |
| 23 | Rafael Cepero | Damage Assessments Specialist | $ 21,600.00 |
| 24 | Manuel Nazario | Damage Assessments Specialist | $ 26,825.00 |
| 25 | Roberto Silvestre | Damage Assessments Specialist | $ 24,300.00 |
| 26 | Gabriel Cordero | Damage Assessments Specialist | $ 22,525.00 |
| 27 | Buenaventura Arce | Damage Assessments Specialist | $ 3,800.00 |
| 28 | Carlos Figueroa | Damage Assessments Specialist | $ 18,300.00 |
| 29 | Daniel Paz | Damage Assessments Specialist | $ 19,025.00 |
| 30 | Hector E. Villanueva | Damage Assessments Specialist | $ 16,250.00 |

work, in different capacities, based on different pay-rates. As a matter of fact, plaintiffs made it clear in the complaint that they are all allegedly owed different amounts of monies for different jobs performed in different times. *Id*. The only thing plaintiffs have in common is that they all allegedly performed some kind of work for Sunergy. Finally, plaintiffs' claims are so easily dividable that they were able to present a chart with the amounts allegedly owed down to the cent.

Because plaintiffs fail (by quite a wide margin) to meet the "common and undivided" interest exception, the Court must not assess their claims in the aggregate. Taking as true the allegations in the complaint, only two plaintiffs satisfy the jurisdictional amount threshold: Ángel Otero (who claims $178,687.50) and Randy Otero (who claims $86,270.00). Accordingly, because for all other 28 plaintiffs "the matter in controversy [does not] exceed[] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332, their claims are **DISMISSED** for lack of subject matter jurisdiction.

   **B.     Plaintiffs' claims against defendant**

The remaining controversy thus boils down to Ángel Otero's and Randy Otero's claims against defendant. As discussed before, plaintiffs' sole argument hinges on Article 1489 of the Puerto Rico Civil Code.[7] Asserting they have a "valid claim against [defendant] under Puerto Rico law," plaintiffs argue that pursuant to Article 1489 "those who put their labor and materials

---

[7] In their response to the motion to dismiss, plaintiffs offered Article 1489 as their only defense against both the standing and the failure to state a claim challenge. *See* **ECF No. 17** at 2, 3-4.

in an undertaking or work contracted by their employer, have a cause of action against the owners of the undertaking or work, up to the monies the owner of the undertaking owns to the employer of the labor." **ECF No. 17** at 3. "Plaintiffs [] were employed by Sunergy to do the work required by [d]efendant [] included in the agreement between Sunergy and [defendant], [have] a cause of action against [defendant] in order to claim for the compensation of the work they performed for their employer[,] Sunergy."

Although plaintiffs' short brief correctly describes certain aspects of Article 1489,[8] plaintiffs failed to address a fatal flaw in their theory. Namely, whether defendant is considered the "owner" or "principal" of the project.

"Article 1489 creates a direct action in favor of laborers and materialmen, which allows the subcontractor to recover from the project's owner for services and materials owed to them by the contractor." *Travelers Cas. & Sur. Co. of Am. v. Vázquez-Colón*, Civil No. 18-1795 (GAG), 2020 WL 3259428, at *3 (D.P.R. June 15, 2020) (citing Article 1489). Notably, the statute clearly states that it applies to "owners" of a project. Conversely, it does not create liability or a channel for recourse against other contractors, but rather specifically against the owner or principal of the project. *See Goss, Inc. v. Cycrex Const. & Co., S.E.*, 996 P.R.-Eng. 499,344, P.R. Offic. Trans., 1996 WL 499344 (P.R. July 9, 1996)("gives workers and materialmen an opportunity to file a claim

---

[8] The origins of which have been traced back to the French Civil Code. *R. Román & Cía. v. J. Negrón Crespo, Inc.*, 9 P.R. Offic. Trans. 36, 1979 WL 59084, at *1 (P.R. July 16, 1979).

against the owner of the work")). This crucial distinction between a contractor and the owner, a subject which defendant surprisingly shied away from, deserves a closer look.

The Puerto Rico Civil Code provides that "[t]he execution of a work may be contracted for by agreeing that the person who is to execute the same shall give his labor or industry only, or that he furnish the materials also." PR Laws Ann. tit 31, § 4013. This section "governs two different situations: the lease of services, and the lease of works. The latter is the so-called work contract." *Constructora Bauzá, Inc. v. García-López*, 1991 P.R.-Eng. 735,859, P.R. Offic. Trans., 1991 WL 735859 (P.R. Dec. 17, 1991). According to the Puerto Rico Supreme Court "[c]onstruction contracts… are, by definition and under Civil Code sec. 1434, work contracts" where "one of the parties (generally called **the 'contractor') agrees to perform and complete a work or a construction** as contracted, while the other party (**the [']owner[']), binds himself to pay the price agreed** in the manner and at the time agreed." *Id*. (emphasis added).

The complaint is completely silent as to exactly who is the "owner" of the project for whom they performed the unpaid work. Moreover, the complaint does not claim that defendant is in any way or manner the "owner" of the project for which plaintiffs performed disaster relief and property "repair" work. The complaint, to a fault laconic, only alleges that defendant "obtained" federal funds for "multi-year contracts… to provide services to the municipalities and private non-profits entities such as churches within the island of Puerto Rico to repair the damages suffered to their properties after the passing of Hurricane Mar[í]a in September 2017." **ECF No. 1** at 4. Assuming that this qualifies as a well-pled allegation, the Court will then be

forced to assume that the owner of the work performed by plaintiffs were either municipalities or private non-profits such as churches "within the island of Puerto Rico." Yet, according to the complaint, defendant is merely a construction company located in Florida, United States. Thus, taking the allegations as true, plaintiffs have no valid claim against defendant pursuant to Article 1489 because defendant is not an "owner" as defined under Puerto Rico law. Thus, dismissal under Fed. R. Civ. P. 12(b)(6) is proper because the complaint fails to state a claim for relief.

The parties' motion practice further supports this conclusion. In their response to defendant's motion to dismiss, plaintiffs simply contends that they are entitle to relief under Article 1489 against defendant. However, they fail to explain how it is that defendant qualifies as the liable party under Article 1489 ("owner"). This omission raises even more suspicion considering the fact that defendant appended to its motion to dismiss the agreement between defendant and Sunergy that plaintiffs referenced in the complaint. **ECF No. 14-1.**[9] The agreement clearly states that defendant and Sunergy agreed to "team together" to perform repair and construction work. **ECF No. 14-1** at 1. Indeed, the agreement states in no uncertain terms that "this Teaming Agreement is entered into to establish the rights, interests, and obligation of the [defendant and Sunergy] in the execution of sub-contracts obtained by [defendant] concerning

---

[9] Although the Court would normally not consider an agreement that was not attached to the complaint under Fed. R. Civ. P. 12(b)(6), in this case the Court turns to the content of the agreement to further support its determination and conclusion drawn after an analysis of the complaint. In any case, the agreement could be deemed as incorporated by reference through the allegation in the complaint. *See Beddall v. State St. Bank and Tr. Co.*, 137 F.3d 12, 16 (1st Cir. 1998). Ultimately, plaintiffs did not challenge the authenticity of the agreement nor moved to strike it from the record.

Emergency Services in Puerto Rico and **jointly together to complete them**[.]" *Id*. at 1(emphasis added). It also states "[defendant] and Sunergy **desire to team together to execute the numerous multi-year contracts** between clients and Municipalities and/or Private Non-Profits. Through this cooperation [between defendant and Sunergy] will produce professional products for FEMA funding and **repair damages**." *Id* (emphasis added).

Clearly, defendant is not the owner of the construction, hurricane relief, or repair projects. Instead, it is a contractor that either contracted jointly with Sunergy or sub-contracted Sunergy to complete projects on behalf of third-party owners. Sunergy then hired plaintiffs. Under this structure, defendant is not the "owner" Article 1489 talks about, but rather another contractor. Because Article 1489 is the only statute under which plaintiffs anchor their claims and since Article 1489 does not hold liable a contractor for another contractor's alleged unpaid wage or salary debt, the complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

IV.    **Conclusion**

For the reasons stated before:

(i) The claims of plaintiffs Enid Valentín, Stephanie Gómez, Roberto Dieppa, Alberto Rodríguez, Fernando Nieto, Ana L. Adorno, Alondra Hidalgo, Diane O'Neal, Lissette Reyes, Ronal Salas, Carmen D. Torres, Wilmaliz Torres, Erika Rivera, Claudia Batista, Vivian J. Santiago, Shaylene M. Jerez Pérez, José Llanos Encarnación, Héctor Ocasio, Edwin G. Rodríguez Buzzo, Judith Rodríguez, Rafael Cepero, Manuel Nazario, Roberto Silvestre, Gabriel Cordero, Buenaventura Arce, Carlos Figueroa, Daniel Paz, Héctor E. Villanueva are **DISMISSED**

**WITOUT PREJUDICE** *sua sponte* for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

(ii) The motion to dismiss at **ECF No. 14 is GRANTED IN PART AND DENIED IN PART**.

(iii) The claims of plaintiff Ángel Otero and Randy Otero are **DISMISSED WITH PREJUDICE** for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

(iv) Accordingly, the Clerk of Court shall enter judgment **DISMISSING** the complaint at ECF No. 1.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of August 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**